UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SMITH OPTICS, INC., a Delaware corporation,,<br><br>                Plaintiff,<br><br>   v.<br><br>OAKLEY, INC., a Washington corporation; EYE SAFETY SYSTEMS, INC., a Delaware corporation,<br><br>                Defendants. | Case No. 1:12-CV-120-BLW<br><br>**ORDER** |

     It has come to my attention that counsel from Parsons Behle represents one of the parties in this case. My sister, Patricia J. Winmill, works as an attorney at the same firm. Because Parsons Behle routinely appears in cases filed in the District of Idaho, there have been prior discussions concerning the propriety of my presiding over cases in which the Parsons Behle firm is involved. From those discussions, it is my understanding that my sister will not be involved in any way with this or any other case assigned to my docket. Likewise, Parsons Behle has agreed that she will be walled-off by the firm from any litigation in which I preside. I am also advised that my sister does not share in the firm's profits; instead, she participates in Parson Behle's Senior Shareholder Compensation System, which gives senior attorneys the option to work less in exchange for not

participating in firm profits.  Thus, she is a non-equity partner who earns a percentage of her billings, plus whatever "origination" compensation she would otherwise be entitled to.  She has the right to re-enter the profit-sharing system, but has no plans to do so.

While my sister does not have any interest in the firm that would disqualify me, and has nothing to do with this case, I find that the appearance of my impartiality might reasonably be questioned and that Judicial Canon 3(C)(1) applies to this case.  Pursuant to Canon 3(D), "[i]nstead of withdrawing from the proceeding, a judge disqualified by Canon 3(C)(1) may . . . disclose on the record the basis of disqualification. The judge may participate in the proceeding if, after that disclosure, the parties and their lawyers have an opportunity to confer outside the presence of the judge, all agree in writing or on the record that the judge should not be disqualified, and the judge is then willing to participate. The agreement should be incorporated in the record of the proceeding."

Pursuant to Canon 3(D), the parties are directed to meet together to discuss whether they can agree that I not be disqualified.  If they so agree, they shall file their agreement in writing on or before **July 31, 2012.**  If no agreement is filed by that date, the Court will recuse itself and have the case reassigned to another Judge.  If no agreement is reached, the reasons why are strictly confidential and not to be revealed to the Court. Accordingly,

NOW THEREFORE IT IS HEREBY ORDERED, that unless all parties file a written agreement on or before **July 31, 2012,** that the Court need not recuse itself pursuant to Canons 3(C)(1) & (D), the Court will recuse itself and direct the Clerk to

**ORDER - 2**

reassign this case to another Judge.

DATED: **July 12, 2012**

B. LYNN WINMILL
Chief U.S. District Court Judge

**ORDER - 3**