UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SMITH OPTICS, INC., an Idaho corporation, | ) Case No. 12-cv-120-BLW<br>)<br>) **STIPULATED PROTECTIVE**<br>) **ORDER**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiff/Counterdefendant, | |
| v. | |
| OAKLEY, INC., a Washington corporation; and EYE SAFETY SYSTEMS, INC., a Delaware corporation, | |
| Defendants/Counterplaintiffs. | |
| AND RELATED COUNTERCLAIM | |

This patent infringement action is likely to involve discovery of documents and testimony containing trade secrets and other confidential research, development and commercial information of the parties to this action and third parties who may be subpoenaed to provide deposition testimony and documents, including confidential and commercially sensitive information relating to business strategies, manufacturing and distribution capabilities, sales, costs, pricing, profitability, customers, suppliers, and other business and financial data, which, if disclosed other than as specified herein, will pose a significant risk of injury to the legitimate business interests of the Producing Party. This Order is necessary to protect the legitimate business interests of the Producing Party in such information, and good cause exists for the entry of this Order.

**Stipulated Protective Order**

- 1 -

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and pursuant to the stipulation and agreement of the parties,

IT IS HEREBY ORDERED, that if, in the course of this proceeding, any party or non-party has the occasion to disclose information deemed in good faith to constitute confidential proprietary information of the type contemplated by Fed. R. Civ. P. 26(c), the following procedures shall be employed and the following restrictions shall govern the handling of documents, depositions, pleadings, exhibits and all other information exchanged by the parties in this Action, or provided by or obtained from non-parties in this Action.

## SCOPE

1. This Protective Order shall apply to all documents, depositions, pleadings, exhibits and all other material or information, whether embodied in physical objects, subject to discovery in this Action, including responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, expert testimony and reports, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, trial exhibits, matters in evidence and any other information used or disclosed at trial, hereafter furnished, directly or indirectly, by or on behalf of any party, non-party or witness in connection with this Action ("Discovery Material").

2. As used herein, "Producing Party" shall refer to any party to this Action and to any non-party who gives testimony or produces documents or other information, and "Receiving Party" shall refer to any individual who receives, is shown, or is exposed to material or information pursuant to this Protective Order.

/ / /

/ / /

## DESIGNATION

3. Any Producing Party may designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" in accordance with this Protective Order. The burden of establishing that Discovery Material is CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, as defined herein, shall be on the Producing Party. The designation of any Discovery Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation.

4. Discovery Material falling into one or more of the following categories may be designated as CONFIDENTIAL: (i) trade secrets, proprietary research, development and/or technical information that is not publicly available and that is not expressly contained in public information; (ii) unpublished patent applications and patent prosecution documents that are not available upon request from the U. S. Patent and Trademark Office or any other patent office; and (iii) sensitive financial, business or commercial information that is not publicly available and that is not expressly contained in public information.

5. Discovery Material that is CONFIDENTIAL may be designated as HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY when it is highly proprietary or highly sensitive and/or disclosure could harm the competitive interests of the Producing Party.

6. The Producing Party may designate documents or other tangible Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY by placing the following legend or similar legend on the document or thing: CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY. If the Producing Party elects to produce documents and things for inspection, it need not label the documents and things in

advance of the initial inspection. For purposes of the initial inspection, all documents within the produced files will be considered as having been marked HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY.  Thereafter, on selection of specified documents for copying by the inspecting party, the Producing Party shall mark the original documents and/or the copies of such documents with the appropriate confidentiality marking, CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, at the time the copies are produced to the inspecting party.

7. Any party or non-party may designate discovery requests or responses (and the information contained therein) as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY by placing the following legend on the face of any such document: CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY.

8. Any party or non-party may designate depositions and other testimony (including exhibits) as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY by (i) indicating on the record at the time the testimony is given that the entire testimony or portions thereof shall be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY or (ii) by written notice to the reporter and all counsel of record, given within two weeks after the reporter sends written notice to the deponent or the deponent's counsel that the transcript is available for review ("the hold period"), in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Producing Party or deponent.  If no such designation is made at the deposition, no such deposition transcript shall be disclosed to any person other than those persons who are entitled to have access to such materials pursuant to Paragraphs 13 or 14 below and the deponent (and the deponent's counsel in the case of a

separately represented nonparty) during the hold period set forth in this paragraph, and no person attending such a deposition shall disclose the contents of the deposition to any person other than those described in Paragraphs 13 and 14 below during the hold period.

9.   Subject to any overriding rules imposed by the Court in this Action, all CONFIDENTIAL and HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material, or any excerpt, reproduction or paraphrase thereof, filed with the Court shall be filed under seal, pursuant to Local Civil Rule 5.3.

## USE

10.   Discovery Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY shall be used only in preparation for, and in the trial of, this Action or any appeal therefrom and cannot be used for any other purpose including, but not limited to, any other litigation, arbitration or claim.  Nothing in this Protective Order shall preclude a Producing Party from using or disseminating its own CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material.

11.   All material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY shall be protected from disclosure as specified herein, unless a party obtains an Order of the Court declaring that all or certain portions of such Discovery Material are not, in fact, protected.

12.   Third parties may (i) designate deposition transcripts of their witnesses and any documents or information they produce, whether voluntarily or by subpoena, CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY to the same extent and in the same manner as parties to this Action and any such materials and information shall be treated by the parties to this Action in the same manner as materials and information so designated by a

party, and (ii) intervene in this Action to enforce the provisions of this Protective Order as if they were a party.

## DISCLOSURE

13. Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as CONFIDENTIAL, or the contents thereof, may be disclosed by the Receiving Party only to the following persons described below:

   a) any "outside" attorney of record in this Action (including attorneys employed by firms of record but not otherwise identified specifically on pleadings);

   b) in-house counsel, legal or intellectual property staff, patent attorneys, and patent agents (collectively, "In-House Counsel") representing a party to this Action;

   c) support personnel for attorneys listed in sub-paragraphs (a) and (b) above, including law clerks, analysts, paralegals, secretaries, and staff, assisting in connection with this Action;

   d) any outside expert or consultant who is expressly retained or sought to be retained by any attorney described in sub-paragraphs (a) or (b) to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work;

   e) any interpreter, or court or other shorthand reporter or typist translating, recording or transcribing testimony;

   f) service contractors (such as document copy services), jury consultants and graphic artists;

   g) any person who authored and/or was an identified original recipient of the particular CONFIDENTIAL material sought to be disclosed to that person, or any

deponent when the examining attorney has a good faith basis to believe the deponent is aware of the particular CONFIDENTIAL material sought to be disclosed;

    h) personnel of the Court and all appropriate courts of appellate jurisdiction; and

    i) any other person agreed to by the Producing Party in writing.

CONFIDENTIAL material shall not be disclosed to persons described in Paragraphs 13(d) or (i) unless and until such person has executed the agreement in the form attached as Exhibit A. CONFIDENTIAL material shall not be disclosed to any person unless such person is authorized to receive CONFIDENTIAL material pursuant to Paragraph 13 of this Protective Order.

    14. Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, or the contents thereof, may be disclosed by the Receiving Party only to the following persons:

    a) any "outside" attorney of record in this Action (including attorneys employed by firms of record but not otherwise identified specifically on pleadings) and supporting personnel, including law clerks, analysts, paralegals, secretaries, and staff, assisting in connection with this Action;

    b) any outside expert or consultant who is expressly retained or sought to be retained by any attorney described in sub-paragraph (a) to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work;

    c) any interpreter, or court or other shorthand reporter or typist translating, recording or transcribing testimony;

**Stipulated Protective Order**

      d) service contractors (such as document copy services), jury consultants and graphic artists;

      e) any person who authored and/or was an identified original recipient of the particular HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material sought to be disclosed to that person, or any deponent when the examining attorney has a good faith basis to believe the deponent is aware of the particular HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material sought to be disclosed;

      f) personnel of the Court and all appropriate courts of appellate jurisdiction;

      g) any other person agreed to by the Producing Party in writing.

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material shall not be disclosed to persons described in Paragraph 14(b) or (g) unless and until such person has executed the agreement in the form attached as Exhibit A. HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material shall not be disclosed to any person unless such person is authorized to receive HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material pursuant to Paragraph 14 of this Protective Order.

      15. At least seven (7) days before the disclosure of any CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material of the Producing Party is made to an individual identified above in Paragraphs 13(d) or (i), or Paragraphs 14(b) or (g), an attorney for the Receiving Party shall serve a Notice on the Producing Party identifying said individual by name and including a curriculum vitae or equivalent resume setting forth such person's present business address, current employer and job title, any company or companies by which that individual was employed during the past five (5) years, and a list of all cases in which

the individual has testified by deposition or in trial for the past four (4) years.  The list of cases should disclose the name and address of each such entity for which the expert work is being, or has been, performed, which has led to testimony at deposition or trial, and the subject matter of that expert work.  If disclosure of either the identity of the entity for which the work is being performed or the subject matter of that work, or both, is deemed proprietary by the Receiving Party, then the fact that certain information is being withheld on the basis that it is proprietary shall be disclosed by the Receiving Party, and any such information that is not deemed proprietary shall be disclosed.  Such notice shall be accompanied by an executed acknowledgement from the individual to whom the disclosure is to be made, in the form of Exhibit A attached hereto.

The Producing Party shall state any objections to the proposed disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY information to any individual described in Paragraph 13(d) or (i) or Paragraph 14(b) or (g) and state the reasons therefor in writing to the Receiving Party within seven (7) days of receipt of the Notice.  Upon the making of any such objection(s), the Producing Party shall have ten (10) days (or any additional time which may be granted by the Court or agreed to by stipulation of the parties) from sending its objection(s) in which to challenge, by filing a motion, the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY information.

Unless the Producing Party objects to the disclosure and files a motion in accordance with the Notice and timing provisions of this Paragraph 15 and Paragraph 28, the Producing Party waives its right to challenge the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY information to the identified individual(s), and the individual identified in the Notice shall be considered a qualified recipient of

**Stipulated Protective Order**

CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material under the terms of this Protective Order.  Should the Producing Party timely object and file its motion, CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material will not be disclosed pending resolution of the motion.  By disclosing an individual pursuant to this paragraph, the party disclosing the individual does not waive any consulting expert privilege or exemption, work product, or other privilege it may otherwise have with respect to the individual disclosed.

      16.    The recipient of any CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

**EXEMPTED MATERIAL**

      17.    None of the provisions of this Protective Order shall apply to the following categories of documents and information, and any party may seek to remove the restrictions set forth herein on the ground that information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY has/had been:

    a) available to the public at the time of its production hereunder;

    b) available to the public after the time of its production through no act, or failure to act, on behalf of the Receiving Party, its counsel, representatives or experts;

    c) known to such Receiving Party, or shown to have been independently developed by such Receiving Party, prior to its production herein without use or benefit of the information;

**Stipulated Protective Order**

    d)   obtained outside of this Action by such Receiving Party from the Producing Party without having been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY; provided, however, that this provision does not negate any pre-existing obligation of confidentiality;

    e)   obtained by such Receiving Party after the time of disclosure hereunder from a third party having the right to disclose the same; or

    f)   previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or any third party without an obligation of confidentiality.

The Receiving Party shall have the burden of proof to remove the restrictions set forth herein based on grounds (a)-(f).

### INADVERTENT PRODUCTION OR DESIGNATION

18.    Pursuant to Rule 502 of the Federal Rules of Evidence, the inadvertent production of documents subject to the attorney-client privilege or the attorney work-product doctrine will not waive the attorney-client privilege or the attorney work-product doctrine.  In addition, the parties agree that if a document subject to the attorney-client privilege or the attorney work-product doctrine is included in documents made available for inspection, such disclosure shall be considered not a waiver of the attorney-client privilege or the attorney work-product doctrine.

Upon entry by this Court of the present Protective Order, the privilege or protection is deemed not waived by disclosure in connection with the litigation pending before this Court as well as any other Federal or State proceeding.  If a party believes that it has inadvertently produced any document that it believes may be subject to the attorney-client privilege or attorney work-product doctrine ("Protected Document"), the party may claw back the Protected Document by making a written request to the Receiving Party specifically identifying the

**Stipulated Protective Order**
- 11 -

Protected Document, including the date, author, addressees, and topic of the document as well as a brief explanation of the reason for the claim of privilege. Upon receipt of this written request, each party receiving said document shall immediately cease use of this document and information contained therein and shall return it and all physical copies and delete all electronic copies within three (3) business days to the Producing Party. The record of the identity and nature of an inadvertently produced document may not be used for any purpose other than in preparation of a motion to compel the production of the same document in this Action. No information in an inadvertently produced document may be used or relied upon for any other purpose in this Action until the Court so orders. After the return of the document(s), the Receiving Party may challenge the Producing Party's claim(s) of privilege or work-product by making a motion to the Court.

19. The inadvertent failure by a party to designate Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY shall not be a waiver of such designation provided that the party who fails to make such designation informs the Receiving Party that such Discovery Material is CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY within seven (7) days from when the failure to designate first became evident to the Producing Party. The party receiving Discovery Material that the Producing Party inadvertently failed to designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY shall not be in breach of this Order for any use made of such Discovery Material before the Receiving Party is informed of the inadvertent failure to designate. Once the Receiving Party has been informed of the inadvertent failure to designate pursuant to this Paragraph 19, the Receiving Party shall take reasonable steps to, at the Producing Party's option, either ensure that all copies of any such Discovery Materials are

**Stipulated Protective Order**

returned promptly to the Producing Party or ensure that all copies of any such Discovery Materials are marked with the proper designation and distributed only as permitted under Paragraphs 13 through 15 of this Protective Order.  If data or information has been extracted from any Discovery Materials that are subsequently re-designated pursuant to this Paragraph 19, to the extent possible, the information and/or data will be expunged and not used.

20.   In the event of disclosure of Discovery Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY to any person not authorized to such access under this Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately inform counsel for the party whose Discovery Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure.  The party responsible for improperly disclosing such Discovery Material shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

## USE IN COURTROOM PROCEEDINGS

21.   In the event that any CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material is to be used in any court proceeding, the Producing Party may seek an appropriate protective order from the Court before its introduction, and in any event, it shall not lose its confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

/ / /

/ / /

/ / /

## OBJECTION TO DESIGNATIONS

22. A party can challenge the designation by the Producing Party of any material as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY. The process for making such an objection and for resolving the dispute shall be as follows:

- a) The objecting party shall notify the Producing Party in writing as to its objection(s) to the designations. This notice shall include, at a minimum, a specific identification of the designated material objected to as well as the reason(s) for the objection.

- b) The objecting party shall thereafter have the burden of conferring either in person or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.

- c) Failing agreement, the objecting party may bring a noticed motion to the Court for a ruling that the Discovery Material sought to be protected is not entitled to such designation.

Notwithstanding any such challenge to the designation of material as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, all such material so designated shall be treated as such and shall be subject to the provisions of this Protective Order until one of the following occurs: (a) the party who designated the material as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY withdraws such designation in writing, or (b) the Court rules that the designation is not proper and that the designation be removed.

## RETURN OR DESTRUCTION OF MATERIALS

23. Within sixty (60) days after the Termination of this Action (defined below), all CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material,

including all copies, shall be returned to the Producing Party or destroyed, except that outside counsel of record for each party may maintain a complete set of their case files for this matter, including all pleadings, depositions, deposition exhibits, expert reports, discovery responses, and correspondence designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY or incorporating information or materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY; however, outside counsel may not maintain production documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY unless such document is attached to pleadings, depositions, deposition exhibits, expert reports, discovery responses and other correspondences.

## MISCELLANEOUS PROVISIONS

24.     This stipulated Protective Order is without prejudice to the right of any party to seek further or additional protection of information for which the protection of this order is not believed by such party to be adequate.  Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain matter may not be discovered at all.

25.     The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

26.     If at any time CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material is subpoenaed or otherwise required by any court or  arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to counsel for every party who has produced such

CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material and shall provide each such party with an opportunity to object to the production of CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY materials. If the Producing Party does not move for a protective order within ten (10) days of the date written notice is given, the party to whom the referenced subpoena is directed may produce, on or after the date set for production in the subpoena but not prior to the end of the ten (10) day notice period, such material in response thereto.

27. Counsel for any party to this Protective Order shall have the right to exclude from depositions, other than the deponent, any person who is not authorized under this Protective Order to receive materials or information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY. Such right of exclusion shall be applicable only during periods of examination or testimony directed to CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material.

28. All notices required by any paragraphs of this Protective Order are to be made by email, U.S.P.S. Express Mail or other reliable means of service that accomplishes same-day or overnight delivery (e.g., by hand or commercial overnight delivery service) to counsel representing the noticed party. The date by which a party receiving notice shall respond or otherwise take action shall be computed from the date of receipt of the notice. Unless otherwise noted, all specified time periods are in calendar days.

29. Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this Action and, in the course thereof, relying in a general way upon his or her examination of CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material produced or exchanged in this

**Stipulated Protective Order**

Action; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the specific contents of CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material produced by any other party or non-party unless otherwise permitted in the paragraphs above.

30. Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this Action or otherwise that any information or documents, or any portion thereof, are privileged or otherwise non-discoverable, or are not admissible in evidence in this Action or any other proceeding.

31. The parties agree that privileged documents created after the date of the filing of the Complaint need not be logged on a privilege log.

32. Each individual who receives CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

33. For purposes of this Protective Order, "Termination of this Action" is defined to mean the exhaustion of all appeals from orders and final judgments in this Action or the settlement of this action by the parties.

34. The parties agree that the terms of this Protective Order shall survive and remain in effect after the Termination of this Action. The Court shall retain jurisdiction to hear disputes arising out of this Protective Order.

35. Any headings used in this Protective Order are for reference purpose only and are not to be used to construe or limit the meaning of any provision.

IT IS SO ORDERED.

DATED: September 3, 2012

_____
B. Lynn Winmill
Chief Judge United States District Court

**Stipulated Protective Order**

- 18 -

## **EXHIBIT A**

## **UNITED STATES DISTRICT COURT**

## **FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| SMITH OPTICS, INC., an Idaho corporation, | ) Case No. 12-cv-120-BLW |
| Plaintiff/Counterdefendant, | ) |
| v. | ) **AGREEMENT CONCERNING** |
| | ) **INFORMATION COVERED BY THE** |
| OAKLEY, INC., a Washington corporation; and | ) **STIPULATED PROTECTIVE** |
| EYE SAFETY SYSTEMS, INC., | ) **ORDER** |
| a Delaware corporation, | ) |
| Defendants/Counterclaimants | ) |
| | ) |
| AND RELATED COUNTERCLAIMS | ) |

I certify that I have received, read and am fully familiar with the terms of the stipulated Protective Order entered on _____ in the above-captioned litigation and agree to be bound by its terms. Specifically, I will not disclose or permit the unauthorized viewing or disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY material, as set forth in said stipulated Protective Order, or the information contained therein.

I hereby submit to the jurisdiction of the Court for the purpose of ensuring compliance with this stipulated Protective Order.

Signature: _____

Printed Name: _____

Date: _____

Address: _____

_____

**Stipulated Protective Order**

13569971